[No. 3455. Dec. 17, 1929.]

## STATE v. PERRAULT, Secretary of State.

[283 Pac. 902.]

J. J. Kenney, of Santa Fe, for the State.

M. A. Otero, Jr., Atty. Gen., and J. A. Miller, Asst. Atty. Gen., for appellee.

J. O. Seth, of Santa Fe, and A. T. Hannett, of Albuquerque, amicus curiæ.

### OPINION OF THE COURT

CATRON, J. This is an appeal from a judgment of the district court of Santa Fe county denying a writ of mandamus to compel the secretary of state to ignore referendum petitions filed in her office and to put into operation and effect chapter 192 of the Laws of 1929, known as the Tobacco Tax Law.

Appellant in its brief has designated two main questions for our consideration.

(1) Are the referendum provisions of section 1, art. 4, of the Constitution of New Mexico, self-executing?

(2) Has the Legislature provided the necessary machinery to carry out the constitutional provisions which are not self-executing?

The material provisions of section 1, art. 4, of our Constitution, are, in substance, as follows: The people reserve the power to disapprove, suspend, and annul all laws enacted by the Legislature except certain ones designated. Petitions disapproving any law subject to referendum enacted at the last preceding session of the Legislature shall be filed with the secretary of state not less than four months prior to the next general election. Such petitions shall be signed by not less than 10 per centum of the qualified electors of each of three-fourths of the counties and in the aggregate by not less than 10 per centum of the qualified electors of the state as shown by the total number of votes cast at the last preceding general election. If·such petitions be signed by not less than 25 per centum of the qualified electors under each of the foregoing conditions and be filed with the secretary of state within 90 days after the adjournment of the session of the Legislature at which such law was enacted, the operation thereof shall thereupon be suspended. In both cases the question of the approval or rejection of such law shall be submitted by the secretary of state to the electorate at the next general election, and if a majority of the votes cast thereon and not less than 40 per centum of the total number of votes cast at said general election be cast for its rejection, it shall be thereby annulled; otherwise it shall remain in force, except that, in cases where the law has been suspended, it shall go into effect upon publication of the certificate, of the secretary of state declaring the result of the vote thereon. Certain acts relative to the signing of the petition are declared felonies. The Legislature shall enact "laws necessary for the effective exercise of the power hereby reserved."

Appellant first contends that the Legislature has never enacted any laws pertaining to the form, contents, signing, and sufficiency of the petition provided for,

and argues that the Legislature must, under the duty specifically enjoined upon it, enact laws regulating such matters before the constitutional provisions can become effective. Appellant then propounds the following questions concerning such matters: What must be the language of the petition, English, Spanish, or both? Must the petition contain a copy of the complete act, or is the title sufficient? How are signers of the petition to have knowledge of the contents of the statute involved? Must the petition set up facts, in addition to the recitals that the petitioners are qualified electors, to establish such fact? Should the petitioner make oath that he is a qualified elector as contemplated by section 1, art. 4, of our Constitution? How is the secretary of state to determine whether the necessary per centum of qualified electors have signed the petition? What is to be the form of the declaration of suspension, and how is it to be proclaimed? What procedure shall be followed until the Legislature shall have acted and definitely prescribed the procedure?

The petition is the stepping stone to the exercise of the referendum reserved by the people of this state. Without a sufficient petition, no referendum can be submitted to the electorate. It is not the ultimate right preserved to the people, but a means and condition precedent to the exercise of that right, although it might under certain circumstances suspend the law pending the result of the ballot. By section 1, art. 4, of our Constitution, the people have specifically delegated to the Legislature alone, and by mandate commanded it, to "enact laws necessary for the effective exercise" of the right of referendum reserved.

It is within the exclusive province of the Legislature to determine what laws "are necessary" for such "effective exercise." Our courts may only construe such laws as the Legislature has passed, in conjunction with the constitutional provisions, and determine whether thereunder a referendum can be submitted and determined.

If the Legislature has attempted to perform its duty, we must assume that it has passed the necessary laws, until it be shown that something necessary to the effective exercise of the referendum is lacking. That some other

or additional legislation might more adequately prescribe the procedure is solely a matter for the Legislature to determine. We may only determine whether the laws by it passed are the necessary laws.

Section 1, art. 4, of our Constitution, prescribes the conditions under which a referendum question shall be submitted to the vote of the people. It contains rules and regulations which the people thought necessary. It, however, specifically imposed upon the Legislature the duty to enact laws necessary for the "effective exercise" of the right. If the Legislature, in undertaking to perform this duty, has passed certain laws to which reference is hereinafter made, but has seen fit to leave unchanged the provisions of the Constitution regarding the petition, it would seem that such action amounts to a decision that no further legislation is necessary with regard to the petition, and that a petition can be prepared, circulated, signed, filed, and the result thereof determined and proclaimed under the existing rules.

By an intelligent application of the rules prescribed, the necessary machinery is provided. Although the Legislature might improve it, we cannot hold that anything more is necessary. Such being the case, under the authority of Delgado v. Romero, 17 N. M. 81, 124 P. 649, Ann. Cas. 1914C, 1114, the constitutional provisions under discussion are self-executing.

But appellant contends that the Constitution has not provided rules by which the referendum is to be submitted to the electorate, and that the Legislature has failed to enact laws necessary for the effective exercise of the power in this respect.

Appellant recognizes the existence of sections 401 to 409 of article 4, c. 41, Laws of 1927, a part of the general election law, relating to the mode of submitting questions to be presented to the electorate of the state, the conduct of the eletcion thereon, the manner of ascertaining the result, and the certification thereof, but earnestly contends that said law has no application to the referendum.

Our Constitution specifies at least four questions which are to be submitted to the electorate throughout the state.

(1) The·referendum, article 4, § 1; (2) ·contracting of· debt, article 9, § 8; (3)·contitutional amendments, article 19, §§ 1 and 4; (4) constitutional conventions, article 19, § 2.

Sections 401, 403, 404, 407, and 408, supra, use the following language, or its equivalent: .

"At all elections ´at which any proposed constitutional amendment or question other than the election of officers shall be submitted to a vote of the electors. * * *"

The Constitution having provided at least three questions in addition to the constitutional amendments which are to be submitted to the vote of the electors, the language used in chapter 41, Laws of 1927, must, in the absence of language to the contrary, be construed as broad enough to include them, and therefore applies to the referendum.

. A careful study of appellant's briefs discloses that appellant has not contended that, in event the provisions of chapter 41, Laws of 1927, are applicable to the referendum, it does not furnish the necessary laws to effectively submit the referendum question to the electorate and declare the result of the vote thereon. Appellant does, however, argue that, if the Election Code be held applicable to referendum elections, certain provisions are therein made regarding the publication of notice of the question to be submitted, but that such publication notice provided for is insufficient to properly give the elector full knowledge .of the question to be voted on.

The Legislature has, however, decided this question adverse to appellant's contention, and, as heretofore held, in so doing has acted within its delegated power.

Appellant having failed to convince us that something necessary to the effective exercise of the referendum is lacking, we must hold, as did the trial court, that the necessary rules and laws do exist.

Judgment of the trial court. affirmed, and it is so ordered. ·

BICKLEY, C. J., and WATSON, PARKER, and SIMMS, JJ., concur.