493 P.2d 411 (1972)
83 N.M. 447
The BENEVOLENT AND PROTECTIVE ORDER OF ELKS, LODGE NO. 461, Petitioner,
v.
NEW MEXICO PROPERTY APPRAISAL DEPARTMENT, Respondent.
No. 9315.
Supreme Court of New Mexico.
January 28, 1972.
*412 Nordhaus & Moses, Donald B. Moses, James F. Beckley, Albuquerque, for petitioner.
David L. Norvel, Atty. Gen., Anne K. Bingaman, Asst. Atty. Gen., Santa Fe, for respondent.

OPINION
OMAN, Justice.
This cause is before us on a writ of certiorari issued to the New Mexico Court of Appeals. That court affirmed the Property Tax Appeal Board in holding plaintiff's property subject to ad valorem taxes. The Benevolent and Protective Order of Elks, Lodge No. 461 v. New Mexico Property Appraisal Department, No. 590, Court of Appeals, decided July 30, 1971. We agree with the opinion of the Court of Appeals and affirm its decision.
Because of some of plaintiff's contentions as to the extent and effect of prior opinions of this court, and because the language in some of those prior opinions may be subject to different interpretations, we comment briefly on some of the guides or rules which should be followed and applied in determining whether or not property is exempt from taxation under that portion of Art. VIII, § 3 of the New Mexico Constitution, which is here in question and which provides: "* * * all property used for * * * charitable purposes * * * shall be exempt from taxation. * * *"
Clearly the sole question to be determined is whether the property is "used" for charitable purposes. Mountain View Homes, Inc. v. State Tax Commission, 77 N.M. 649, 427 P.2d 13 (1967). This determination must necessarily depend on the uses being made of each property which it is claimed comes within the exemption. Except to the extent that the facts as to use are so nearly alike as to logically compel like results, no case can be said to constitute a controlling precedent for another case in this area. Mountain View Homes, Inc. v. State Tax Commission, supra; Albuquerque Lodge, No. 461, B.P.O.E. v. Tierney, 39 N.M. 135, 42 P.2d 206 (1935). The uses made of the property in question, which are set forth in the opinion of the Court of Appeals, differ considerably from the uses with which we were concerned in the cases of Albuquerque Lodge, No. 461, B.P.O.E. v. Tierney, supra, and Temple *413 Lodge No. 6, A.F. & A.M. v. Tierney, 37 N.M. 178, 20 P.2d 280 (1933), upon which plaintiff largely relies.
The meanings of "charity" and "charitable use" are discussed at length in Mountain View Homes, Inc. v. State Tax Commission, supra.
Although our constitutional provision does not require property to be used exclusively for charitable purposes in order to come within the exemption, the uses for these purposes must be substantial and must be the primary uses made of the property. Temple Lodge No. 6, A.F. & A.M. v. Tierney, supra. See also Mountain View Homes, Inc. v. State Tax Commission, supra; Brockton, Etc. v. Assessors of Brockton, 321 Mass. 110, 72 N.E.2d 406 (1947); Indianapolis Elks Bldg. Corp. v. State Bd. of T. Com'rs., 251 N.E.2d 673 (Ind.App.1969). The primary uses made of the property here in question are not charitable, as found by the Property Tax Appeal Board.
There appears to be some question as to the strictness or the liberality of construction which should be given our constitutional provision. Although the constitutional or statutory provisions involved vary, a number of jurisdictions have applied in this area of charitable uses the rule of strict construction against tax exemptions. See Annot., 39 A.L.R.3d 640, § 3[a] at 648 (1971) and cases therein cited. A fewer number of jurisdictions, including New Mexico, have applied more liberal rules of construction to exemptions from taxation of property used for charitable purposes. See § 3[b] at 650 of the same annotation in 39 A.L.R.3d. The rule in New Mexico is that of reasonable construction, without favor or prejudice to either the taxpayer or the State, to the end that the probable intent of the provision is effectuated and the public interests to be subserved thereby are furthered. Temple Lodge No. 6, A.F. & A.M. v. Tierney, supra. See also Besser Company v. Bureau of Revenue, 74 N.M. 377, 394 P.2d 141 (1964); Chavez v. Commissioner of Revenue, 82 N.M. 97, 476 P.2d 67 (Ct.App.1970); Evco v. Jones, 81 N.M. 724, 472 P.2d 987 (Ct.App. 1970).
The decision of the Court of Appeals affirming the holding of the Property Tax Appeal Board should be affirmed.
It is so ordered.
COMPTON, C.J., and McMANUS, STEPHENSON and MONTOYA, JJ., concur.