552 P.2d 479

George **RUTHERFORD,** George A. Rutherford, Inc., a New Mexico Corporation, Presbyterian Hospital Center, a New Mexico nonprofit Corporation, Appellants,

v.

COUNTY ASSESSOR FOR BERNALILLO COUNTY, New Mexico, Appellee.

No. 2302.

Court of Appeals of New Mexico.

June 8, 1976.

Rehearing Denied June 17, 1976.

Scott H. Mabry and David F. Boyd, Jr., Albuquerque, for appellants.

Joe C. Diaz, Asst. Dist. Atty., Sandra A. Grisham and Vance Mauney, Albuquerque, for appellee.

Toney Anaya, Atty. Gen., Santa Fe, John C. Cook and Joseph T. Sprague, Property Tax Dept., Asst. Attys. Gen., Santa Fe, amicus.

## OPINION

SUTIN, Judge.

The Bernalillo County Valuation Protests Board ruled that taxpayers' property be placed on the assessment roll at market value and that no exemption be granted. We affirm.

The property assessed was the Presbyterian Hospital Center Professional Office Building, Albuquerque, New Mexico.

Under various documents executed, Rutherford is the legal owner of the property. Presbyterian Hospital Center is the equitable owner. A building lease was entered into between George A. Rutherford, Inc., lessor, and Presbyterian Hospital Center, lessee, which lease provided that the real estate taxes on the property assessed shall be assessed in the name of and paid by the Presbyterian Hospital Center, the lessee.

Seventy percent of the space is leased to physicians and computer service operations. The 70% assessment has been paid by Presbyterian Hospital. Thirty percent of the building is occupied by hospital administrative offices, laboratory, x-ray, pharmacy and TV–I training areas. The laboratory, x-ray and pharmacy areas are for use by Presbyterian Hospital patients and patients of the doctors who rent and occupy the office building premises.

Taxpayers claim that they are entitled to a 30% exemption from assessment because 30% of the building is used for hospital purposes.

Taxpayers rely on that portion of Art. VIII, § 3 of the New Mexico Constitution which provides in part that ". . . all property used for . . . charitable purposes . . . shall be exempt from taxation." *Benevolent & P. Ord. of Elks v. New Mexico Prop. A. D.,* 83 N.M. 445, 447, 493 P.2d 411, 413 (1972) says:

Although our constitutional provision does not require property to be used exclusively for charitable purposes in order to come within the exemption, the uses for these purposes must be substantial and must be the primary uses made of the property.

This view was followed in *United Veterans Org. v. New Mexico Prop. App. Dept.,* 84 N.M. 114, 500 P.2d 199 (Ct.App.1972).

■ The protests board found that the office building was organized and built for an economic use and not a charitable use. The evidence supports this finding. The primary use made of the property was not for charitable purposes.

■ Taxpayers also contend that under the constitutional provision, supra, the word "property" includes "leased property"; that "all [leased] property used for . . . charitable purposes . . . shall be exempt from taxation;" that as lessee, Presbyterian Hospital is entitled to the exemption.

In *The Chapman's Inc. v. Huffman,* 90 N.M. ——, 559 P.2d 398, No. 10274, decided November 10, 1975, the Supreme Court, by an unpublished order, held that "the charitable use specified in Article VIII, Section 3 of the Constitution of New Mexico should be construed to mean use by the owner of the property rather than the use to which the property is put by the tenant". This rule applies to Presbyterian Hospital in the position of lessee. The use to which Presbyterian Hospital puts the property as a tenant is not protected by the constitutional provision.

The order of the protests board is affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

HERNANDEZ, J., concurs in the result.