# THEODORE R. VERKOUTEREN ET AL. *v.* SUPERVISOR OF ASSESSMENTS, MONTGOMERY COUNTY, MARYLAND ET AL.

[No. 236, September Term, 1977.]

*Decided December 8, 1977.*

The cause was argued before MORTON, THOMPSON and LISS, JJ.

*Daniel N. Steven,* with whom were *Goldberg, Waldman, Days & Jones* on the brief, for appellants.

*Kaye T. Brooks, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee Supervisor of Assessments. *H. Christopher Malone, Assistant County Attorney,* with whom was *Richard S. McKernon, County Attorney for Montgomery County,* on the brief, for appellee Montgomery County, Maryland.

THOMPSON, J., delivered the opinion of the Court.

Theodore and Marguerite Verkouteren, the appellants, appeal from an order of the Circuit Court for Montgomery County signed by Judge Richard B. Latham sustaining a demurrer to their bill for declaratory relief without leave to amend. On appeal we are presented with the question whether the appellants were required to exhaust their statutory remedy before resorting to the courts to challenge the method of determining the assessed value of brick homes in Montgomery County. As we believe exhaustion was required, we shall affirm the order of the Circuit Court.

The appellants are the owners of three brick houses in Montgomery County. In February of 1975 they were notified of the final assessment against their properties for the assessment year 1975. Dissatisfied with the assessment, the appellants filed an appeal with the Property Tax Assessment Appeal Board attacking the method of depreciation used by the Supervisor of Assessments in computing the assessed value of their houses. The Board affirmed the assessments by an equally divided vote and an appeal was taken to the Maryland Tax Court under *Md. Code,* Art. 81, § 256. Prior to determination by the Tax

Court the appellants filed this class action suit in the Circuit Court for Montgomery County against the Supervisor of Assessments on behalf of themselves and all other similarly situated homeowners seeking a declaration that the assessment method used in computing the 1975 assessments was improper. They also sought a declaration of the method's invalidity for all future assessment years. Montgomery County filed a motion for leave to intervene pursuant to Md. Rule 208 and the motion was granted.

The specific allegations contained in the bill charged that the Supervisor of Assessments was improperly computing depreciation under a 1948 directive issued by the State Department of Assessments and Taxation. The 1948 directive mandated that the straight line method of depreciation be used to value homes and provided that the useful life of masonry houses was two hundred years while it limited the useful life of frame houses to one hundred years. According to the bill the 1948 directive was superseded by guidelines adopting the Boeckh Manual of Appraisal which were issued in 1958 and amended in 1970 and 1973. Under the Boeckh Manual the useful life of masonry homes was reduced substantially.

The appellants urged that use of the superseded 1948 directive in computing depreciation violated *Md. Code*, Art. 81, § 244 which provides:

> "The State Department of Assessments and Taxation from time to time shall formulate a uniform plan for the assessment of property, which shall be followed strictly by the county commissioners of the several counties in the State, and by the appeal tax court and by all county and city assessors, for all subsequent reassessments and reviewals of assessments authorized by this article."

The appellants also alleged that the use of the 1948 directive in Montgomery County and use of the Boeckh method in other counties impaired the uniformity of

assessments in contravention of Art. 15 of the Maryland Declaration of Rights.

Montgomery County and the Supervisor of Assessments demurred stating in essence: (1) declaratory relief could not be granted because the appellants had not exhausted their administrative remedies, (2) a class action could not be maintained to attack assessments, (3) the depreciation guidelines were not a "plan" within the meaning of *Md. Code*, Art. 81, § 244, (4) the appellants are barred by laches, and (5) no actual controversy exists between the parties concerning future assessments. The only point considered by the trial judge was the exhaustion of remedies. He ruled that the declaratory judgment suit was inappropriate as those remedies had not been exhausted and dismissed the suit. On appeal the appellants argue exhaustion of their statutory remedies was not required because a constitutional issue was raised and the statutory remedy was inadequate.

Generally, when a remedy is provided by statute that remedy is exclusive and must be exhausted before relief can be sought by declaratory judgment. *State Department of Assessments and Taxation v. Clark*, 281 Md. 385, 380 A. 2d 28 (1977); *Md.-Nat'l C.P. & P. Com. v. Wash. Nat'l Arena*, 37 Md. App. 346, 377 A. 2d 545 (1977), *cert. granted*, November 22, 1977. This concept of exhaustion was embodied in the Declaratory Judgment Act by the legislature. *Md. Code*, Courts & Judicial Proceedings Art. § 3-409 (b) provides:

> "If a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed in lieu of a proceeding under this subtitle."

This statutory rule of exhaustion is not absolute. Two notable exceptions have been recognized. Declaratory relief may be sought where: (1) the constitutionality of a statute, in its entirety, is involved and there is no by-passing of the expertise of the administrative agency. *State Department of Assessments and Taxation v. Clark, supra; Poe v. Mayor of Baltimore*, 241 Md. 303, 216 A. 2d 707 (1966); *Pressman v.*

*State Tax Commission,* 204 Md. 78, 102 A. 2d 821 (1954), and (2) the special form of remedy is inadequate or does not provide for judicial review. *See Poe v. Mayor of Baltimore, supra.*

The appellants argue they fit within both these exceptions when, in fact, they do not fit within either. The appellants urge that a declaratory judgment action may be maintained anytime a constitutional issue is involved citing *Pressman v. State Tax Commission, supra,* and *Kracke v. Weinberg,* 197 Md. 339, 79 A. 2d 387 (1951). This contention was rejected by the Court of Appeals in *Poe v. Mayor of Baltimore, supra,* and *State Department of Assessments and Taxation v. Clark, supra.* In *Clark,* Judge Orth writing for the Court stated:

> "There are general statements in past opinions of this Court, which taken apart from the actual decisions involved, appear to support the claim that even though there be an administrative remedy, a court of equity may intervene and act when a constitutional question is involved. *See Schneider v. Pullen,* 198 Md. 64, 68, 81 A. 2d 266 (1951); *Kracke v. Weinberg,* 197 Md. 339, 343, 79 A. 2d 387 (1951). The law on the matter was made clear in *Poe.* It declared that where there is full opportunity for a property owner to protest an assessment to administrative agencies and adequate provisions for judicial review of the agencies' action, a court shall not take jurisdiction unless the administrative remedies have been exhausted. This is so even though a constitutional issue has been raised, when that issue goes to the application of a general statute to a particular situation, as contrasted with a constitutional attack upon the validity of a general enactment as a whole, which is reviewable in any event. *Id.* at 308-309. The *Poe* rule was fully in accord with prior decisions of this Court, and has since been affirmed and consistently applied." [Footnotes omitted].

Although the appellants do not challenge the validity of any statute, either in its entirety or as applied, they point out that they are attacking an entire method of assessment and not just the assessment of their particular houses. Apparently they would have us hold that anytime the constitutionality of an assessment method is challenged in its entirety it presents an analogous situation to a facial attack on a statute and declaratory relief may be sought. This argument ignores the reason behind the exception to the requirement of exhaustion. Adjudication of the constitutionality of an entire statute is essentially a judicial function and it is generally desirable to secure a prompt determination of the statute's constitutionality thereby avoiding unnecessary expense and delay to both individuals and public officials alike. *See Pressman v. State Tax Commission, supra; Commissioners of Cambridge v. Eastern Shore Public Service Co.,* 192 Md. 333, 64 A. 2d 151 (1949). The validity of the application of a statute, however, usually involves factual issues which have been committed to the expertise of administrative agencies by the legislature and in many instances the constitutional issue may never arise if the administrative remedy is exhausted. *See Poe v. Mayor of Baltimore, supra.*

In the instant case the determination of the propriety of the assessment method is clearly within the expertise of the administrative agencies provided and is inappropriate for declaratory relief. The constitutional issue presented in this case revolves around Article 15 of the Maryland Declaration of Rights which provides in part:

> "[T]he General Assembly shall, by uniform rules, provide for the separate assessment, classification and sub-classification of land, improvements on land and personal property, as it may deem proper; and all taxes thereafter provided to be levied by the State for the support of the general State Government, and by the Counties and by the City of Baltimore for their respective purposes, shall be uniform within each class or sub-class of land . . . ."

The legislature has provided for the uniform method of assessment mandated in *Md. Code*, Art. 81, § 14 (b) (1) which states:

> "All real property directed in this article to be assessed, shall be assessed at its full cash value on the date of finality. The term full cash value as used in this subsection means current value less an allowance for inflation . . . ."

The issue raised goes to the question whether the failure to apply a non-uniform depreciation method results in something other than a uniform assessment. No constitutional violation occurs just because the assessment method is not the same for all property in the state. It is firmly established that in valuing property assessors have reasonable latitude in selecting a method of valuation, so long as they assess the property at its full cash value. *See Weil v. Supervisor of Assessments*, 266 Md. 238, 292 A. 2d 68 (1972); *Macht v. Department of Assessments*, 266 Md. 602, 296 A. 2d 162 (1972). Hence, in order for the method used to result in a non-uniform rate of tax the property must be assessed at some figure other than its full cash value. Determining whether the method of depreciation causes the appellant's property to be assessed at something other than full cash value is basically a factual question involving the expertise of the administrative agencies established under Art. 81. In deciding this factual issue it might turn out that the depreciation method used does not create a discrepancy in the valuation of real property and the constitutional issue would never arise. It is for these reasons that declaratory relief is inappropriate.

The appellant also contends the statutory remedy is inadequate because the tax court could do no more than reverse the individual assessment for 1975; it could not prohibit use of the assessment in 1976 nor could it invalidate the assessments for all taxpayers. Although the tax court cannot reverse all assessments for a given year in one suit, each individual taxpayer who is aggrieved by his assessment, can use the statutory remedy provided. This remedy affords

adequate protection of their rights. Each taxpayer is required to be notified of the final assessment under *Md. Code,* Art. 81, § 29 and that assessment can be appealed to the Property Tax Assessments Appeal Board under § 255. If the taxpayer is still not satisfied, an appeal can be taken to the Maryland Tax Court under § 256 and its decision is reviewable by the Circuit Court. See § 229. The decision of the Circuit Court can then be appealed to this Court and ultimately the taxpayer can seek review by the Court of Appeals through a writ of certiorari. *See Md. Code,* Courts & Judicial Proceedings Art. § 12-201.

The remedy is not inadequate merely because only the assessment for a given year can be reviewed. There is no reason to believe the Supervisor of Assessments would ignore any final court determination that the method of assessment employed by Montgomery County was impermissible and continue to use the same method in the future.

*Order affirmed.*
*Appellants to pay the costs.*