699 P.2d 140

**In the Matter of the Petition of COTTONWOOD GULCH FOUNDATION, Appellant,**

v.

**Dorothy GUTIERREZ, McKinley County Assessor, Appellee.**

No. 8065.

Court of Appeals of New Mexico.

April 16, 1985.

James Jay Mason, Mason, Rosebrough & Isaacson, P.A., Gallup, for appellant.

Forrest G. Buffington, Gallup, for appellee.

## OPINION

DONNELLY, Chief Judge.

Cottonwood Gulch Foundation (Foundation) appeals from an adverse administrative order of the McKinley County Valuation Protest Board (Board) upholding the McKinley County Assessor's denial of the Foundation's claim for a tax exemption. The single issue presented on appeal is whether the Board erred in denying the

Foundation's claim for a tax exemption under the state constitution and applicable law. We affirm.

The Foundation is the owner of approximately 520 acres of real property located in McKinley County. The Foundation has built a dining hall, craft shop, museum, laboratory, garages, caretaker's house and dormitories on the property. The Foundation offers a summer program of instruction in natural history, zoology, botany, geology, archaeology and anthropology. Its staff consists of a combination of volunteer and salaried professors, who engage in research together. The program offered is non-discriminatory and open to all persons. Scholarships are offered to some participants on the basis of merit or need and in 1983, students from twenty-three states participated in the program.

A tuition charge of $2,060 per student is imposed for an eight-week program. The amount of tuition charged does not cover the entire cost of operating the program. The additional monies necessary to finance the Foundation and its educational courses are solicited through grants and donations. The Foundation has 3,000 alumni members.

Thomas Billings, the executive director of the Foundation, testified that Foundation is a non-profit domestic corporation organized in 1935 to serve as "an educational organization, serving young people and young adults. * * *" Billings also testified that Foundation is exempt from federal income taxation pursuant to 26 I.R.C. Section 501(c)(3) (West Supp.1983) of the Internal Revenue Code and that the Foundation is non-denominational. Billings further stated that the Foundation receives no income from its real property or its improvements and that the sole use of the Foundation's property is as a program headquarters for scientific and study expeditions conducted by students and faculty throughout the southwest.

## PROCEDURAL REQUISITE FOR EXEMPTION

The Board concedes that the Foundation's claim of exemption is factually sufficient to warrant the granting of a property tax exemption, however, the Board argues that the Foundation has failed procedurally to properly apply for and obtain the requested exemption. Specifically, the Board contends that the Foundation has not applied in a timely manner for or obtained a ruling by the State Property Tax Division (Division) recognizing its tax exempt status as required under the Division's Regulations 36–7(B)(1):12 and 36–7(B)(1):13 (Rev. April 1983).

The Foundation responds that it was error to deny its claim for exemption on a procedural basis, and that the administrative regulations relied upon by the Board are contrary to the New Mexico Constitution, article 8, section 3, and the statutory authority conferred on the county assessor.

The New Mexico State Constitution, article 8, section 3, provides that "all property used for educational or charitable purposes * * * shall be exempt from taxation." Similarly, the legislature has provided by statute, NMSA 1978, Section 7–36–7 (Repl. Pamp.1983), that:

A. Except for the property listed in Subsection B of this section, all property is subject to valuation for property taxation purposes under the Property Tax Code * * * if it has a taxable situs in the state.

B. The following property is not subject to valuation for property taxation purposes under the Property Tax Code:

(1) property exempt from property taxation under the federal or state constitution, federal law, the Property Tax Code or other laws, but this does not include property all or a part of the value of which is exempt because of the application of a veteran or head of family exemption *nor does this provision excuse an owner from any obligations to report his property as required by regulation of the division adopted under Section 7–38–8.1 NMSA 1978 or to claim its exempt status under Subsection C of Section 7–38–17 NMSA 1978* * * *. [Emphasis added.]

The legislature, by statute NMSA 1978, Section 7–38–8.1 (Repl.Pamp.1983), expressly empowered the Division to adopt regulations governing the claiming of exemptions of property from taxation under the provisions of Subsection B of Section 7–36–7, including "provisions for initial reporting of ... property and [the] claiming of the exempt status pursuant to Subsection C of Section 7–38–17 NMSA 1978."

Section 7–38–17(C) (Repl.Pamp.1983) additionally provides that "[b]eginning with the 1983 tax year, other exemptions of real property specified under Section 7–36–7 * * for nongovernmental entities must be claimed in order to be allowed." Section 7–38–17(F) states:

> F. Exemptions may be claimed by filing proof of eligibility for the exemption with the county assessor. *The proof shall be in a form prescribed by regulation of the division.* Procedures for determining eligibility of claimants for any exemption shall be prescribed by regulation of the division * * *. [Emphasis added.]

Pursuant to the foregoing statutory authorization, the Division promulgated a series of regulations detailing the procedural requirements for claiming property tax exemptions, including Regulation 36–7(B)(1):12 which provides in part:

**EXEMPTIONS FOR PROPERTY USED FOR EDUCATIONAL OR CHARITABLE PURPOSES—**

A. County assessors should only grant exempt status to property contended to be **"used for educational or charitable purposes,"** pursuant to Article VIII, Section 3 of the New Mexico Constitution if:

1. The exemption is authorized by a Property Tax Code regulation; or

2. The exemption is authorized by a Property Tax Division ruling or order; or

3. The exemption is authorized by a ruling issued by the predecessor Property Appraisal Division subsequent to December 11, 1973; and

4. The exemption is not contrary to the New Mexico Constitution, the Proper-

ty Tax Code or other statutes, these regulations or Division rulings as they may be amended from time to time.

■ The Foundation does not contend that it complied with the requirements of the above regulation or that it obtained a ruling or order recognizing its right to an exemption of its real property as an educational entity. Instead, it asserts that the Division's regulatory requirement impermissibly infringes upon the county assessor's statutory right to authorize a property tax exemption for charitable or educational uses by the Foundation. We disagree.

The legislature expressly authorized the Division to adopt regulations governing the method and manner in which individuals or entities may claim property tax exemptions. The challenged regulation reasonably falls within the parameters delegated by the legislature for the implementation of property tax exemption claims.

■ The Foundation did produce a ruling of the Property Appraisal Department, dated January 23, 1974, purporting to recognize a property tax exemption for camps, national organizations, and non-profit corporations to operate camping programs and facilities. A reading of the ruling facially reveals its nonapplicability to the Foundation's operation or program. The ruling does not specifically mention or relate to the Foundation.

■ The regulatory requirement necessitating a ruling or order of the Division recognizing an applicant's entitlement to the property tax exemption is not unreasonable nor impermissible in view of the express statutory provisions contained in Sections 7–38–8.1 and –17. The regulation sets out a method by which claims for property tax exemptions may be reasonably reviewed. The constitutional provision recognizing a property tax exemption for property "used for educational or charitable purposes" is not self-executing but permits statutory implementation detailing the means under which the right may be asserted. N.M. Const. art. 8, § 3. *E.g.,*

*State v. Perrault,* 34 N.M. 438, 283 P. 902 (1929); *City of Raton v. Sproule,* 78 N.M. 138, 429 P.2d 336 (1967).

■ As observed in *State v. Perrault,* a constitutional provision is deemed to be self-executing if it supplies the necessary rule by which the right given may be enjoyed and protected or the means by which the duty imposed may be enforced. In *NRA Special Contribution Fund v. Board of County Commissioners,* 92 N.M. 541, 545, 591 P.2d 672, 676 (Ct.App.1978), this court noted that:

> [t]he [New Mexico] Constitution, the Property Tax Code and New Mexico opinions do not define what is meant by "used for educational purposes." As a result, the Legislature has seen fit to allow the courts to establish the standards under which property may be determined to be tax exempt when "used for educational purposes."

The statutory provisions, Sections 7–38–8.1 and –17, and the regulations promulgated by the Division pursuant to these statutes, *inter alia,* set out a procedural method for claiming and reviewing the exemptions sought under article 8, section 3 of the New Mexico Constitution. As observed in *Chesney v. Byram,* 15 Cal.2d 460, 101 P.2d 1106, 1109 (1940), "[i]t has been uniformly held that the legislature has the power to enact statutes providing for reasonable regulation and control of rights granted under constitutional provisions."

In *State v. Allred,* 67 Ariz. 320, 195 P.2d 163 (1948), the court held that the legislature may properly prescribe a method for claiming a constitutionally recognized tax exemption and render a failure to conform to such procedure a waiver of the exemption. In *Allred,* the Arizona Supreme Court dealt with the question of whether a state constitutionally created veteran's exemption could be denied if the veteran failed to follow the statutory procedure for asserting the exemption. Unlike the applicable provision involved in the New Mexico Constitution, the Arizona constitutional veteran's exemption, article 9, section 2, expressly provides that " 'this section shall be self-executing.' " The state contended that the Arizona Legislature established a time table for claiming the exemption and created procedural requirements that made a failure to timely claim the exemption a waiver of the right to the exemption for that tax year. The Arizona Supreme Court held that despite the fact that the constitutional exemption was self-executing and required no legislative enactment to put it into effect, it did not preclude the adoption of legislation designed to regulate the means for claiming the exemption. In *Allred,* the court held:

> "it does not follow from the determination that the above-mentioned constitutional provision is self-executing, that the legislature did not have the power to enact legislation providing reasonable regulation for the exercise of the right to the exemption ****

> ****

> "**** [I]t appears to us reasonable and proper that some method should be provided by the legislature for the determination of those who may be entitled to the exemption provided for in the Constitution."

> ****

> We hold that the failure of the [Board] to comply with the [statutory] procedure **** constituted a waiver or loss of his constitutional right to exemption from taxation for the [tax] year ****

195 P.2d at 168, 170.

■ The fact that the purpose of an organization may be charitable, educational, or religious is not conclusive of whether the entity is entitled to an exemption from taxation. The determinative factor is the primary use of the property. *B.P.O.E. No. 461 v. New Mexico Property Appraisal Department,* 83 N.M. 445, 493 P.2d 411 (1972); *United Veterans Organization v. New Mexico Property Appraisal Department,* 84 N.M. 114, 500 P.2d 199 (Ct.App. 1972).

■ The statutory provision authorizing the Division to adopt regulations detailing the procedure for claiming the exemp-

tion is reasonable and proper. The regulation, 36–7(B)(1):12, prescribes a reasonable means to invoke the advantages of the exemption, balancing on the one-hand the state's interest in screening claims for exemptions and preventing abuses against the taxpayer's right to the exemption. A method of appeal from a denial of a claim for exemption is provided by statute. NMSA 1978, § 7–38–22 (Repl.Pamp.1983). The Foundation did not seek a ruling from the Division, nor utilize the right prescribed by statute to appeal the denial of their desired exemption.

The order of the McKinley County Valuation Protest Board denying the claim of exemption is affirmed. Each party shall bear their own costs on appeal.

IT IS SO ORDERED.

WOOD and ALARID, JJ., concur.