861 P.2d 281 (1993)
116 N.M. 240
George H. NEFF, Phyllis D. Neff, Robert E. Hepplewhite, and Elizabeth A. Hepplewhite, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs-Appellants,
v.
STATE of New Mexico, Through Its Agency, the TAXATION AND REVENUE DEPARTMENT, Defendant-Appellee.
No. 13531.
Court of Appeals of New Mexico.
September 8, 1993.
*282 Joseph P. Kennedy, Albuquerque, for plaintiffs-appellants George H. Neff and Phyllis D. Neff.
William F. Riordan, Albuquerque, for plaintiffs-appellants Robert E. Hepplewhite and Elizabeth A. Hepplewhite.
Tom Udall, Atty. Gen., Frank D. Katz, Sp. Asst. Atty. Gen., Taxation and Revenue Dept., Santa Fe, for defendant-appellee.

OPINION
BIVINS, Judge.
From an order dismissing their complaint as not timely filed under NMSA 1978, Section 7-1-26 (Repl.Pamp. 1990), Plaintiffs appeal, raising three issues: (1) denial of due process in failing to give the Hepplewhites notice of hearing and an opportunity to be heard (applicable only to the Hepplewhites); (2) error in dismissing Plaintiffs' action under Section 7-1-26; and (3) error in dismissing Plaintiffs' action because Plaintiffs stated a claim for relief under the New Mexico and Federal Constitutions. We hold that the district court erred in proceeding with a motions hearing without giving notice to the Hepplewhites and, therefore, the case must be reversed as to those Plaintiffs. With respect to Plaintiffs Neffs, we hold that the district court correctly determined that it lacked jurisdiction because of the failure to timely appeal as required by Section 7-1-26. In light of these holdings, we do not reach the third issue. Accordingly, we reverse as to the Hepplewhites and remand for a hearing as to those Plaintiffs on proper notice, and we affirm dismissal of the Neffs' complaint.
This is a tax case which requires interpretation of certain provisions of the Tax Administration Act, NMSA 1978, Sections 7-1-1 to -82 (Repl.Pamp. 1990). Unless otherwise indicated, Plaintiffs Neffs and Hepplewhites will be referred to as "the Taxpayers." Defendant, the Taxation and *283 Revenue Department, will be referred to as "the Department."
After paying their respective state income taxes on their private retirement benefits for the years of 1986, 1987, 1988, and 1989, the Taxpayers filed claims for refund. See § 7-1-26 (setting forth procedure for claim for refund). The Department denied the Hepplewhites' claim for 1986 on August 22, 1990, their claims for 1987 and 1989 on August 23, 1990, and their claim for 1988 on August 13, 1990. The Department denied the Neffs' claim for 1986 on September 5, 1990, and their claim for 1988 on September 27, 1990. We understand that the Department initially granted the Neffs' 1987 claim, but now asserts that action was erroneous and that the 1987 claim likewise should have been denied.
The Taxpayers based their claim for refund on the ground that they were treated differently than recipients of state retirement income, who were exempted from payment of income tax during the years 1986 through 1989. See NMSA 1978, § 10-11-135 (Repl.Pamp. 1987). The exemption challenged by the Taxpayers was repealed in 1990. 1990 N.M. Laws, ch. 49, § 14.
After denial of their claims for refund, instead of proceeding in the manner and within the time prescribed by Section 7-1-26, the Taxpayers initiated this action in the district court of Santa Fe County for declaratory and injunctive relief, accounting, damages, and refund. The Department moved to dismiss on jurisdictional grounds, claiming that the district court lacked subject matter jurisdiction because the Taxpayers failed to proceed in a timely manner as required under Section 7-1-26. The Department also made a motion for summary judgment addressing the constitutional issues raised in the Taxpayers' complaint. The Taxpayers also filed a joint motion for summary judgment on the constitutional questions. Following a hearing, the district court dismissed solely on the jurisdictional question, holding that "it lacks jurisdiction over the subject matter of Plaintiffs' Complaint because [it] was not timely filed within the period required by Section 7-1-26 NMSA 1978." This appeal followed.

1. Denial of Due Process (Hepplewhites)

Initially, the Taxpayers were represented by one attorney. Later, separate counsel took over representation of the Hepplewhites and entered his appearance. The district court failed to give notice to the Hepplewhites' new attorney of the hearing on the motion to dismiss and motions for summary judgment. As a result, the Hepplewhites were not represented at that hearing. The hearing resulted in a dismissal of their complaint.
While the Department does not deny the above, it contends that it was the responsibility of the Hepplewhites' substituted counsel to review the file and appear at a previously scheduled pre-trial conference. Had he done so, according to the Department, he would have learned that the August 23, 1991, date for the pre-trial conference had been canceled and would have learned of the continuance. We disagree. The Hepplewhites' substituted counsel entered his appearance on April 30, 1991. He was entitled to notice of all hearings from that date forward. Notice of the hearing on the motion to dismiss and motions for summary judgment were not given to the Hepplewhites' counsel. This constituted a denial of due process. "It is fundamental to say that due process requires notice and hearing so that those who are to be bound or affected by a judgment may have their day in court." City of Albuquerque v. Reynolds, 71 N.M. 428, 434, 379 P.2d 73, 77 (1962). We, therefore, set aside the order of dismissal as to the Hepplewhites and remand so that they may be given proper notice and an opportunity to be heard.

2. Dismissal Under Section 7-1-26 (Neffs)

In dismissing the Taxpayers' complaint with prejudice, the district court relied on Section 7-1-26. In pertinent part, this section provides, with respect to claims for refund, that if a claim is not granted in full, the person claiming a refund may, *284 within thirty days after the mailing of the denial, either send to the Secretary of Taxation and Revenue a written protest, or file a civil complaint in the district court of Santa Fe County setting forth specific allegations. It is undisputed that the Taxpayers failed to follow this section either as to the time constraints or as to the manner in which they asserted their claim. Instead, as noted above, the Taxpayers filed an independent action for declaratory, injunctive, and other relief. The question we must answer is whether it was mandatory that the Taxpayers follow the administrative procedures of Section 7-1-26 before questioning in court the constitutionality of the tax at issue. We hold that it was and affirm on that ground as to Neffs.
It is generally held that one must exhaust administrative remedies before invoking the jurisdiction of the courts. See State Racing Comm'n v. McManus, 82 N.M. 108, 111-12 476 P.2d 767, 770-71 (1970); see also Grand Lodge of Masons v. Taxation & Revenue Dep't, 106 N.M. 179, 181, 740 P.2d 1163, 1165 (Ct.App.) (district court has no jurisdiction over declaratory judgment action until administrative remedies exhausted), cert. denied, 106 N.M. 174, 740 P.2d 1158 (1987); Tenneco Oil Co. v. New Mexico Water Quality Control Comm'n, 105 N.M. 708, 710, 736 P.2d 986, 988 (Ct.App. 1986) (party should apply for stay from agency before applying for stay from a court). This principle has been expressly written into the Tax Administration Act. Section 7-1-22 provides:
No court of this state has jurisdiction to entertain any proceeding by a taxpayer in which he calls into question his liability for any tax or the application to him of any provision of the Tax Administration Act [this article], except as a consequence of the appeal by him to the court of appeals from the action and order of the director, all as specified in Section 7-1-24 NMSA 1978, or except as a consequence of a claim for refund as specified in Section 7-1-26 NMSA 1978.
While recognizing this rule, the Neffs strongly argue that exceptions apply which allow them to invoke the jurisdiction of the courts outside the framework of the Tax Administration Act. We examine the claimed exceptions to determine if any apply.
Relying on Felder v. Casey, 487 U.S. 131, 152, 108 S.Ct. 2302, 2314, 101 L.Ed.2d 123 (1988), the Neffs first argue that the Supremacy Clause of the Federal Constitution precludes state law from interfering with a federally protected right. Since the Taxpayers are seeking exemptions from taxes under a claimed federal right, they contend that the federal right cannot be defeated by the forms of local practice. See id. at 138.
The rule relied on by the Neffs has been held not to apply when state tax procedures are involved. In Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 105, 102 S.Ct. 177, 180, 70 L.Ed.2d 271 (1981), the Supreme Court decided that the Federal Civil Rights Act, 42 U.S.C. Section 1983 (1988), cannot be used to attack the constitutionality of state taxes if the state provides a fair remedy for challenging the constitutionality. See also Nutbrown v. Munn, 311 Or. 328, 811 P.2d 131, 137-40 (1991), cert. denied, ___ U.S. ___, 112 S.Ct. 867, 116 L.Ed.2d 773 (1992); Hogan v. Musolf, 163 Wis.2d 1, 471 N.W.2d 216 (1991), cert. denied, ___ U.S. ___, 112 S.Ct. 867, 116 L.Ed.2d 773 (1992). But see Bohn v. Waddell, 164 Ariz. 74, 83, 790 P.2d 772, 781 (Tax.Ct. 1990) (holding that taxpayers, under Felder, need not exhaust administrative remedies before invoking jurisdiction of court), vacated on other grounds, 174 Ariz. 239, 848 P.2d 324 (1993). The Neffs urge us to follow Bohn as the "better-reasoned" decision. We decline. Bohn did not consider McNary, as did Hogan and Nutbrown. We find the latter decisions more persuasive. Thus, we hold that the Federal Supremacy Clause does not preclude a state from requiring the exhaustion of administrative remedies before its courts will decide state tax matters, unless taxpayers would thereby be denied a plain, adequate, and complete remedy. See McNary, 454 U.S. at 116, 102 S.Ct. at 186; Hogan, 471 N.W.2d at 223 ("In order for a state's exhaustion requirement to be valid, *285 the state's remedies must be `plain, adequate, and complete.'").
Additionally, we note that while McNary may have recognized an exception to the general rule allowing state exhaustion requirements, see McNary, 454 U.S. at 107 n. 4, 102 S.Ct. at 181 n. 4, and while that possible exception might apply in this case, we remain unpersuaded that Felder applies here. Felder involved the interpretation of Section 1983. Taxpayers do not allege that their action was taken pursuant to Section 1983. Nor can we construe their action as coming under that statute; a state and its agencies are not "persons" within the meaning of Section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
The Neffs also argue that the administrative law doctrine requiring exhaustion of administrative remedies has no application where the administrative agency lacks the authority to decide the constitutionality of the statute in question, or where the agency provides no procedure for refunding unconstitutional taxes. Our answer to this argument also resolves the issue of whether the remedies provided by New Mexico's Tax Administration Act are plain, adequate, and complete, as required by federal law. Thus, we address the Neffs' administrative law argument within the framework of our analysis of the federal law issue. The Neffs' administrative law argument finds some support in earlier New Mexico decisions. We believe, however, that these decisions are distinguishable and inapplicable to this case.
In Sandia Savings & Loan Ass'n v. Kleinheim, 74 N.M. 95, 391 P.2d 324 (1964), the taxpayers brought suit in the district court for refund, alleging that the property tax in question was void. The district court determined that the taxpayers should have exhausted their administrative remedies, and dismissed. Because the taxpayers' challenge called into question the constitutionality of the law under which the tax assessment was made, the Supreme Court held that the proceeding was properly within the trial court's jurisdiction to decide. Id. at 98, 391 P.2d at 327. The rationale of Kleinheim follows the rule that exhaustion of administrative remedies is not necessary where the administrative agency lacks the power to decide the question, or where exhaustion would be vain and futile. See State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc., 85 N.M. 521, 529, 514 P.2d 40, 48 (1973); McGrath v. Weinberger, 541 F.2d 249 (10th Cir.), cert. denied, 430 U.S. 933, 97 S.Ct. 1557, 51 L.Ed.2d 778 (1976).
In holding that exhaustion was not required in Kleinheim, the Supreme Court noted, however, that "[t]his is true unless it was mandatory that plaintiff follow the administrative procedures ... before it could question the constitutionality." Id. 74 N.M. at 99, 391 P.2d at 327. The exhaustion provision of the Tax Administration Act, Section 7-1-22, enacted the year after Kleinheim was decided, does make it mandatory to follow the procedures in the Act. Additionally, by using broad language, the legislature intended, with respect to the Tax Administration Act, to require that challenges to the validity of the Act be first presented either through the protest remedy, Section 7-1-24, or the refund remedy, Section 7-1-26. See § 7-1-22; see also § 7-1-23 (requiring taxpayer to elect one of these two remedies). We note that the Taxpayers in the proceeding before us initially chose the refund remedy but abandoned it after receiving an adverse ruling by the Department.
Aside from the argument that the Department lacks authority to decide the constitutionality of the law giving rise to the tax, the Neffs also argue that the Tax Administration Act provides no procedure for refunding taxes paid on constitutionally exempt income. While we agree that the Department cannot itself determine the constitutionality of the underlying tax law, see Kleinheim, 74 N.M. at 100, 391 P.2d at 327; Montez v. J & B Radiator, Inc., 108 N.M. 752, 754, 779 P.2d 129, 131 (Ct.App.), cert. denied, 108 N.M. 771, 779 P.2d 549 (1989), its procedures provide a plain, adequate, and complete means whereby that determination can be made through the *286 appeal process to the courts. See § 7-1-25 (appeals from protest determinations); § 7-1-26 (appeals from refund determinations). Having chosen to pursue the refund remedy, the Neffs could have raised the same constitutional challenge before the district court under Section 7-1-26 that they attempted to raise by way of their separate, independent district court action. We note that the taxpayers in Alarid v. Secretary of the New Mexico Department of Taxation & Revenue, No. 13,887, a case pending before this Court, followed the Section 7-1-26 procedure in making a similar constitutional challenge to a statute that exempted retirement income of former New Mexico educational employees. See State v. Powers, 111 N.M. 10, 12, 800 P.2d 1067, 1069 (Ct.App.) (court can take judicial notice of its own files and records), cert. denied, 111 N.M. 16, 801 P.2d 86 (1990); State v. Turner, 81 N.M. 571, 576, 469 P.2d 720, 725 (Ct.App. 1970).
Moreover, as Hogan points out, sound policy reasons favor the legislature's expressed intent to have the Department initially review contested tax matters. "This orderly procedure respects the fiscal operations of the state and offers to the reviewing courts the benefit of the agency's findings and conclusions in an area in which agencies have special expertise." Hogan, 471 N.W.2d at 223; see also Resolution Trust Corp. v. Binford, 114 N.M. 560, 566, 844 P.2d 810, 816 (1992) (a main purpose of the exhaustion requirement is to prevent surprise claims against the government); Grand Lodge of Masons, 106 N.M. at 181, 740 P.2d at 1165 (administrative law issues should be decided by experts).
The Neffs rely on Lovelace Center for Health Sciences v. Beach, 93 N.M. 793, 606 P.2d 203 (Ct.App. 1980), to buttress their argument that there is no statutory procedure for refund of constitutionally exempt income and, therefore, it was necessary for them to resort to a separate action in district court. They point out that Section 7-1-26 provides for refunds for taxes paid "in excess," not for taxes paid on exempt income. We believe that the Neffs read the statute too narrowly.
Section 7-1-26 provides that "[a]ny person who believes that an amount of tax has been paid ... in excess of that for which the person was liable ... may claim a refund." Section 7-1-29(B) authorizes the Secretary to make refunds pursuant to a final order of a state district court, this Court, the Supreme Court of New Mexico, or any federal court adjudging that any person has made an overpayment of tax. We read that to include payment of taxes that were not due because they were constitutionally exempt. If taxes are paid that are not due, the taxpayer has overpaid. Therefore, unlike Beach, there is a statutory provision for refund. We reject the Neffs' argument on this point as well.
We recognize that the Neffs' action included a request for declaratory relief. However, as we discuss above, a plain, adequate, and complete statutory remedy, intended by the legislature to be the exclusive remedy, was available to the Neffs. "Where there is a complete remedy otherwise provided by statute, and obviously intended to be exclusive, the issue is not subject to disposition by declaratory judgment." Grand Lodge of Masons, 106 N.M. at 181, 740 P.2d at 1165.
Having concluded that the Tax Administration Act provides a plain, adequate, and complete remedy which the Neffs did not timely follow, we affirm the district court's dismissal of their complaint. We reverse the dismissal as to the Hepplewhites and remand for hearing on proper notice.
IT IS SO ORDERED.
CHAVEZ, J., concurs.
HARTZ, Judge (specially concurring).
I concur in the result and join in all of Judge Bivins' opinion, except in one particular. My one disagreement is that I do not think that this case involves a failure to exhaust administrative remedies. On the contrary, the Taxpayers invoked all the administrative procedures that were required by NMSA 1978, Section 7-1-26 (Repl. Pamp. 1990). Taxpayers' error was in failing to file their complaints promptly in district court after completing the necessary *287 administrative proceedings. Because this case does not involve a failure to exhaust administrative remedies, two issues raised in the briefs and the opinion can be dealt with summarily. First, because Taxpayers did everything necessary with respect to proceedings before the administrative agency, the Department cannot complain that Taxpayers failed to give the Department an opportunity to correct its error or explain its decision. Second, because the statutorily required procedure that Taxpayers avoided was filing a complaint in court in a timely fashion, it is irrelevant whether the Department had authority to review the constitutionality of the tax imposed upon Taxpayers; there is no question that the district court under Section 7-1-26(A)(2) has authority to determine the constitutionality of a tax.
Disregarding the issue of exhaustion of administrative remedies, the essence of the analysis of Judge Bivins' opinion still applies. The exclusive remedies set forth by New Mexico statutes provide taxpayers with a plain, adequate, and complete remedy. There is no ground for permitting Taxpayers to circumvent the procedural requirements of those statutes.