2005-NMCA-091

116 P.3d 846

**U.S. XPRESS, INC., a Nevada corporation, M.S. Carriers, Inc., a Tennessee corporation, and Swift Transportation Company, Inc., an Arizona corporation, Individually and on behalf of a class of all similarly situated taxpayers, Plaintiffs–Appellants,**

v.

**STATE of New Mexico, NEW MEXICO TAXATION AND REVENUE DEPARTMENT and Jan Goodwin, Secretary of the New Mexico Taxation and Revenue Department, Defendants–Appellees.**

**No. 24,702.**

Court of Appeals of New Mexico.

May 17, 2005.

Certiorari Granted, No. 29,272, July 15, 2005.

**Parties** ⊚⇒35.65

Requiring taxpayers to exhaust their administrative remedies in challenging taxes assessed under the Hazardous Materials Transportation Act and the Weight Distance Tax Act before being included as class members in class action against Taxation and Revenue Department, alleging that the Acts were unconstitutional, would have promoted inefficiency and waste, and thus, such taxpayers were not required to exhaust remedies, where the named plaintiffs had exhausted their administrative remedies, the Department established a uniform pattern of denial of such refund claims, the merits of the claims did not require the Department to develop a factual record or apply its expertise, and the Department was already on notice regarding the claims. West's NMSA § 7–1–1; NMRA, Rule 1–023.

Tim J. De Young, Angelo J. Artuso, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for Appellants.

Patricia A. Madrid, Attorney General, C. Joseph Lennihan, Special Assistant Attorney General, Santa Fe, for Appellees.

Patricia Madrid, Attorney General, Steven L. Bunch, Javier Lopez, Special Assistant Attorneys General, Santa Fe, for Amicus Curiae New Mexico Department of Transportation.

*OPINION*

VIGIL, J.

{1} Appellants' motion for rehearing is denied. The opinion filed in this case on March 23, 2005, is withdrawn and this opinion is substituted in its place.

{2} Plaintiffs appeal an order from the district court denying class certification. Plaintiffs argue that the district court erroneously concluded that the proposed plaintiff class could only include taxpayers who had exhausted their administrative remedies. We agree. Therefore, we reverse and remand for proceedings consistent with this opinion.

**BACKGROUND**

{3} In December 2002, Plaintiffs filed claims with the New Mexico Taxation and Revenue Department (the Department) for a refund of highway beautification fees, administrative fees, and taxes collected under Section 74–4F–(C) of the Hazardous Materials Transportation Act, NMSA 1978, §§ 74–4F–1 to –8 (1996), and Section 7–15A–10 of the Weight Distance Tax Act, NMSA 1978, §§ 7–15A–1 to –11 (1988, as amended through 2004); *see* §§ 74–4F–3(C) and 7–15A–10. However, we note that the provisions of the Hazardous Materials Transportation Act and the Weight Distance Tax Act that provided for the collection of the challenged taxes have since been repealed. *See* 2004 N.M. Laws ch. 78, § 2 (repealing Section 74–4F–3); *see also* 2003 N.M. Laws (1st S.S.) ch. 3, §§ 30, 31 (repealing Section 7–15A–10 effective July 1, 2004). The Department granted Plaintiffs' claims for refunds of the highway beautification fees and for the taxes collected in 1999, 2000, and 2001, under Sections 74–4F–3(C) and 7–15A–103(C) (hereinafter "Uncontested Taxes"). However, the Department denied Plaintiffs' claim for taxes collected prior to 1999 and for the administrative fees (hereinafter "Contested Taxes").

{4} On August 4, 2003, Plaintiffs filed a class action complaint alleging that the taxes imposed by Sections 74–4F–3(C) and Section 7–15A–10 were unconstitutional because they violated the Supremacy and Dormant Commerce Clauses of the United States Constitution. On September 23, 2003, Plaintiffs

moved to certify the class described in their complaint. Based on section 22 of the Tax Administration Act, NMSA 1978, §§ 7–1–1 to –82 (1965, as amended through 2004), the district court concluded that it "lack[ed] jurisdiction over those members of the proposed class who have not exhausted their administrative remedies," and held that when the taxpayers who had not exhausted their administrative remedies were excluded, Plaintiffs' proposed class did not meet the numerosity requirement for class actions. *See* Rule 1–023(A)(1) NMRA. Therefore, the district court denied Plaintiffs' request to certify the class on February 23, 2004. They now appeal.

**STANDARD OF REVIEW**

{5} Resolution of the question before us turns on the proper construction of a statutory administrative exhaustion requirement in the context of a class action. Construction of a statute is a question of law that we review de novo. *Morgan Keegan Mortgage Co. v. Candelaria*, 1998–NMCA–008, ¶ 5, 124 N.M. 405, 951 P.2d 1066.

**DISCUSSION**

{6} In this case, we are presented with the question of whether the Tax Administration Act allows the district court to hear the purely legal claims of putative class members who have not exhausted their administrative remedies when administrative review of their claims would be futile and the named plaintiffs have exhausted their administrative remedies in pursuit of identical claims. On the facts before us, we conclude that it does.

{7} The Tax Administration Act provides a taxpayer with two remedies when he believes that a tax has been wrongfully assessed against him. § 7–1–23. He may either (1) refuse to pay the tax and file a written protest with the secretary of the Department under Section 7–1–24, or (2) he may pay the tax and file a claim for a refund with the secretary under Section 7–1–26. Further, no New Mexico court "has jurisdiction to entertain any proceeding by a taxpayer in which the taxpayer calls into question the taxpayer's liability for any tax" unless the taxpayer has exhausted one of his administrative remedies. § 7–1–22. Based on this statute, the Department argues that the dis-

trict court lacks subject matter jurisdiction over the members of the class who had not exhausted their administrative remedies. Therefore, the Department argues that the district court correctly denied Plaintiffs' motion for class certification.

{8} When this Court interprets the statutes of New Mexico, our "principal objective ... is to determine and give effect to the intent of the legislature." *Regents of the Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998–NMSC–020, ¶ 28, 125 N.M. 401, 962 P.2d 1236 (internal quotation marks and citation omitted). The "primary indicator" of the legislature's intent is the plain language of the statute. *Anthony Water & Sanitation Dist. v. Turney*, 2002–NMCA–095, ¶ 10, 132 N.M. 683, 54 P.3d 87. However, our courts "have rejected formalistic and mechanistic interpretation of statutory language." *D'Avignon v. Graham*, 113 N.M. 129, 131, 823 P.2d 929, 931 (Ct.App.1991). For example, "[w]here the literal language of a statute leads to an absurd result ... we may construe the statute to avoid such a result." *State v. Gutierrez*, 115 N.M. 551, 552, 854 P.2d 878, 879 (Ct.App.1993).

{9} By including an administrative exhaustion requirement in the Tax Administration Act, the legislature demonstrated that it intended the Department to be the forum of first resort for taxpayers. *See Neff v. Taxation & Revenue Dep't*, 116 N.M. 240, 244, 861 P.2d 281, 285 (Ct.App.1993). However, we must determine whether the legislature intended the administrative exhaustion requirement to preclude our courts from exercising jurisdiction over the purely legal claims of the absent members of a class who have not exhausted their remedies when exhaustion would be futile.

{10} The Department correctly points out that a statutory exhaustion requirement is generally less flexible and pragmatic than its common law counterpart. 2 Richard J. Pierce, Jr., *Administrative Law Treatise* § 15.3, at 982 (4th ed.2002). Nonetheless, we find that the exhaustion requirement in the Tax Administration Act is motivated by the same basic principles as the common law doctrine. As a general matter, the exhaus-

tion of administrative remedies is "required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *see also* Pierce, *supra*, § 15.2, at 971–72. Exhaustion "also encourages the use of more economical and less formal means of resolving disputes and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy." 2 Am.Jur.2d *Admin. Law* § 474, at 402 (2004) (footnotes omitted). In particular, the requirement in the Tax Administration Act that administrative remedies be exhausted "respects the fiscal operations of the state and offers to the reviewing courts the benefit of the agency's findings and conclusions in an area in which agencies have special expertise." *Neff*, 116 N.M. at 245, 861 P.2d at 286 (internal quotation marks and citation omitted); *see also Bailey v. State*, 348 N.C. 130, 500 S.E.2d 54, 75 (1998) (holding that "[n]otice for fiscal planning purposes is the touchstone" of the exhaustion requirement in a statute allowing taxpayers to sue to recover improperly collected taxes).

{11} We begin our analysis by considering Plaintiffs' claims for refunds of the Contested Taxes. In this case, we fail to see how requiring every member of the class to exhaust his administrative remedies will further the objectives that underlie the Tax Administration Act's administrative exhaustion requirement. Each of the named plaintiffs submitted a claim for a refund of the Contested Taxes. In each case, the Department denied their claims. Under these circumstances, we hold that by pursuing their administrative claims Plaintiffs have satisfied the purpose and intent of the exhaustion requirement for the absent class members.

{12} First, Plaintiffs' claims for refunds of the Contested Taxes are representative of the claims of the absent class members, and have provided the Department with an ample opportunity to address the issue and to correct any errors. *See* Rule 1–023(A)(3); *Salfi*, 422 U.S. at 765, 95 S.Ct. 2457 (stating that one of the purposes of exhaustion is to give the agency an "opportunity to correct its own errors"). Because the Department has established a uniform pattern of denial of Plaintiffs' claims for refunds of the Contested Taxes, Plaintiffs have identified a genuine dispute and not merely an instance of error or mistake.

{13} Second, determining the merit of Plaintiffs' claims (and the claims of the absent class members) does not require the Department to develop a factual record or to apply its expertise. *Cf. Ass'n for Cmty. Living v. Romer*, 992 F.2d 1040, 1044 (10th Cir.1993) (holding in part that the plaintiffs had to exhaust their administrative remedies because their claim was "a classic example of the kind of technical questions ... best resolved with the benefit of agency expertise and a fully developed administrative record" (internal quotation marks and citation omitted)). Plaintiffs' claims for refunds are based on the allegation that the enabling legislation is facially unconstitutional because it violates the Supremacy and Dormant Commerce Clauses. Any taxpayer who paid the tax has essentially the same claim: the tax is unconstitutional and he or she is entitled to a refund. Therefore, there is no need for an administrative record to be fully developed for each absent member of the class.

{14} Third, the claims of the absent class members are not a surprise that threatens to undermine the State's fiscal stability. *See Bailey*, 500 S.E.2d at 75 (stating that the purpose of an administrative exhaustion requirement in a North Carolina taxation statute is "to put the State on notice that a tax, or a particular application thereof, is being challenged as improper so that the State might properly budget or plan for the potential that certain revenues derived from such tax have to be refunded" (emphasis omitted)). Plaintiffs' claims were sufficient to put the Department on notice that it may have collected unconstitutional taxes and that it may be required to issue refunds to every taxpayer who paid the taxes.

{15} Finally, requiring each member of the proposed class to exhaust his administra-

tive remedies would create inefficiency and waste in the agency and ultimately in the courts. *See Foster v. Gueory,* 655 F.2d 1319, 1322 (D.C.Cir.1981) (stating that, despite a statutory exhaustion requirement, "[i]t would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with [the Equal Employment Opportunity Commission (EEOC) ]" (internal quotation marks, citation, and emphasis omitted)). If we affirm the district court, the Department could be faced with over 3000 identical refund claims. However, because the Department uniformly denied claims for refunds of the Contested Taxes, such claims would be entirely futile. *See State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.,* 85 N.M. 521, 529, 514 P.2d 40, 48 (1973) (noting that "[t]he doctrine of exhaustion of remedies does not require the initiation of and participation in proceedings ... which are vain and futile"); *see also Anderson v. Bd. of Adjustment for Zoning Appeals,* 931 P.2d 517, 521 (Colo.Ct.App.1996) (holding that exhaustion was not required where the "plaintiffs had notice of the ... administrator's interpretation of the pertinent law, [because] for them to have awaited another and different answer on the same question would have been an exercise in futility and would not have served the purposes underlying the exhaustion doctrine"). We note that in *Neff,* the plaintiffs argued that because the Taxation and Revenue Department lacked the authority to rule on the constitutionality of the Tax Administration Act, it was futile to exhaust their administrative remedies. 116 N.M. at 244, 861 P.2d at 285. We rejected the plaintiffs' argument because the Tax Administration Act required that "challenges to the validity of the Act be first presented" to the Department. *Id.* In the case before us, claims for refunds of the Contested Taxes that are identical to the claims of the putative class members have already been presented to the Department by the named plaintiffs. The Department has uniformly denied such claims. Under these circumstances, it would be futile for every putative class member to present its identical claim for a refund of the Contested Taxes. As a result, we hold that

*Neff* does not bar our consideration of the futility of Plaintiffs' administrative remedies.

{16} Moreover, the district court's review of the lawfulness of the Department's denial of Plaintiffs' claims will in no way be enhanced by the submission of these additional, identical refund claims to the Department. *See Gueory,* 655 F.2d at 1323 (holding that "the appellants have asserted claims of racial discrimination that are so similar to those asserted by the original plaintiffs that no purpose would be served by requiring appellants to file independent racial discrimination charges with EEOC"). Therefore, to the extent that the Department has wrongfully denied Plaintiffs' claims, exhaustion would be futile and would unnecessarily burden the Department.

{17} None of the objectives underlying the Act's administrative exhaustion requirement would be served by compelling each member of the proposed class to exhaust his administrative remedies as to the Contested Taxes. Moreover, under these circumstances, administrative exhaustion would serve no useful purpose and would unnecessarily burden the Department, the absent members of the class, and possibly our courts. We refuse to construe the statute so mechanistically as to lead to such an absurd result. *Accord Ariz. Dep't of Revenue v. Dougherty,* 200 Ariz. 515, 29 P.3d 862, 866 (2001) (stating that there is "no reason why the statutory [exhaustion] requirements cannot be satisfied through a single representative claim that provides the requisite information about the representative claimant").

{18} Class actions are an important procedural device for vindicating the claims of large groups of similarly situated individuals. *See* Abraham L. Pomerantz, *New Developments in Class Actions–Has Their Death Knell Been Sounded?,* 25 Bus. Law. 1259, 1259 (1970) (stating that the class action "has become one of the most socially useful remedies in history"). Perhaps most importantly, class actions benefit the courts, attorneys, and litigants by promoting "judicial economy and efficiency." 1 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 1:1, at 3 (4th ed.2002). Instead of consuming scarce judicial resources by litigating a multi-

tude of carbon copy cases, a class action permits the court to determine the rights and obligations of a group of similarly situated persons in a single proceeding. Affirming the district court and requiring each of the 3000 absent members of the class to wait for a denial of his claims for refunds of the Contested Taxes before proceeding to court would increase the likelihood that our courts will be presented with multiple, identical lawsuits.

{19} We conclude that including the taxpayers who have not exhausted their administrative remedies as to the Contested Taxes in the putative class is consistent with the purposes of the Tax Administration Act's exhaustion requirement. Further, the purposes underlying class actions will be well served by the inclusion of the taxpayers who have not exhausted their administrative remedies. Addressing the claims for refunds of the Contested Taxes in a single proceeding will improve judicial efficiency and reduce the burden borne by the Department and the putative class. Therefore, we hold that the district court erroneously refused to include taxpayers of Contested Taxes who had not exhausted their administrative remedies in the proposed class.

{20} We are unable to determine on the record before us whether the foregoing rationale applies to Plaintiffs' claims for refunds of the Uncontested Taxes. For example, since the record suggests that the Department has granted all Plaintiffs' claims for refunds of the Uncontested Taxes, it is unclear whether there is an actual dispute over the Uncontested Taxes or simply an instance of error or mistake by the Department. *See Salfi*, 422 U.S. at 765, 95 S.Ct. 2457 (noting that one of the purposes of administrative exhaustion is to provide the administrative agency with an opportunity to correct its mistakes). For the same reason, we are unable to determine whether the putative class members' administrative claims for refunds of the Uncontested Taxes would be futile. *See Credit Bureau of Albuquerque, Inc.*, 85 N.M. at 529, 514 P.2d at 48 (holding that exhaustion of administrative remedies is not required if futile to do so). Nevertheless, it was error for the district court to deny

class certification relating to the Uncontested Taxes without determining whether administrative review of these claims would be futile and whether the named plaintiffs have exhausted their administrative remedies in pursuit of identical claims. We therefore reverse the district court as to the Uncontested Taxes as well, and remand for further proceedings consistent with this opinion.

{21} The Department and Amicus argue that Section 7–1–22 should be construed as a waiver of sovereign immunity. We are unpersuaded. The Tax Administration Act does not impose sovereign immunity as a bar to suits for tax refunds. Further, the purpose of Section 7–1–22 is not to waive sovereign immunity; its purpose is solely to define our court's jurisdiction over tax refund claims.

{22} In sum, on remand the district court may entertain in a class action the purely legal claims of putative class members who have not exhausted their administrative remedies where: (1) the named Plaintiffs have exhausted their administrative remedies; (2) the class members' legal claims are the same as those of the named Plaintiffs; (3) it would be futile to require class members to exhaust their administrative remedies; and (4) determining the merit of each taxpayer's claim does not require the development of a separate detailed factual record or the application of the Department's expertise.

## CONCLUSION

{23} We hold that, under the circumstances of this case, the named Plaintiffs may, by exhausting their administrative remedies, give the district court jurisdiction over the putative class members' claims for refunds of the Contested Taxes. However, on this record, we are unable to determine whether the named Plaintiffs' claims for refunds of the Uncontested Taxes were sufficient to give the district court jurisdiction over the putative class members' claims. We therefore reverse the district court and remand so that the district court may determine: (1) whether the putative class meets the numerosity requirements of Rule 1–023 when the taxpayers who have not exhausted their administrative remedies with respect to the Contested Taxes are included; and (2)

whether, based on the rationale set forth in this opinion, the named Plaintiffs' claims for refunds of the Uncontested Taxes satisfied the Tax Administration Act's exhaustion requirement with respect to the claims of the putative class members.

{24}  IT IS SO ORDERED.

SUTIN and KENNEDY, JJ., concur.