2006-NMSC-017

136 P.3d 999

U.S. XPRESS, INC., a Nevada corporation, M.S. Carriers, Inc., a Tennessee corporation, and Swift Transportation Company, Inc., an Arizona corporation, individually and on behalf of a class of all similarly situated taxpayers, Plaintiffs–Respondents,

v.

STATE of New Mexico, NEW MEXICO TAXATION AND REVENUE DEPARTMENT and Jan Goodwin, Secretary of the New Mexico Taxation and Revenue Department, Defendants–Petitioners.

No. 29,272.

Supreme Court of New Mexico.

April 13, 2006.

C. Joseph Lennihan, Jeffrey W. Loubet, Santa Fe, NM, for Petitioners.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Timothy J. De Young, Angelo J. Artuso, Albuquerque, NM, for Respondents.

Patricia A. Madrid, Attorney General, Reynold E. Romero, Special Assistant Attorney General, Steven L. Bunch, Special Assistant Attorney General, Javier Lopez, Special Assistant Attorney General, Santa Fe, NM, for Amicus Curiae New Mexico Department of Transportation.

Patricia A. Madrid, Attorney General, James C. Jacobsen, Assistant Attorney General, Albuquerque, NM, for Amicus Curiae Attorney General of the State of New Mexico.

## OPINION

CHÁVEZ, Justice.

{1} This case requires us to decide whether the Tax Administration Act permits the courts to recognize the doctrine of "vicarious" or "virtual" exhaustion of remedies to allow a class action to proceed when only a few members of the proposed class have exhausted their administrative remedies. Because the Tax Administration Act provides the exclusive remedies for tax refunds and requires the taxpayer to individually seek the refund, we decline to adopt vicarious or virtual exhaustion for proceedings under the Tax Administration Act, and reverse the opinion of the Court of Appeals. We affirm the district court's finding that the numerosity requirement of the class action rule is not met in this case because the court lacks subject matter jurisdiction over proposed class members who have not exhausted their administrative remedies.

{2} Plaintiffs–Respondents in this case are three interstate trucking companies. In December of 2002, each company filed claims with the Department of Taxation and Revenue ("Department") for refunds of four road-related taxes and fees paid for the years 1997–2000: the Weight Distance Tax Identification Card ("Cab Card") Fee, the Litter Control and Beautification Act, the Fifty-cent Motor Vehicle Division ("MVD") Administrative Fee, and the Hazardous Material Transportation ("Hazmat") Fee. The claims for refunds were based on Respondents' assertions that the collection of these taxes and fees violated the Commerce Clause of the United States Constitution. The Department granted each trucking company's claim for refunds for the Cab Card fee, the Beautification fee, and the Hazmat fee for the years 1999–2000, but denied the claims for refunds of taxes for the years 1997–1998 based on the statute of limitations in NMSA 1978, Section 7–1–26(D) (2006) of the Tax Administration Act. The Department also denied all of the claims for refunds of the MVD administrative fee for all years. In addition to the refund claims of these three trucking companies, approximately twenty-five additional trucking companies also filed refund claims with the Department. These claims were partial-

ly refunded and partially denied by the Department in exactly the same manner and proportion as the claims of Respondents.

{3} After exhausting their administrative remedies, U.S. Xpress, M.S. Carriers, and Swift Transportation, as named plaintiffs, filed a class action complaint for return of taxes in the First Judicial District Court. The complaint defined the class as "all interstate and intrastate motor carriers authorized to conduct business in New Mexico that have paid and/or that may be required to pay the New Mexico Weight Distance Tax Annual Filing Fee and/or the New Mexico Hazardous Material Transportation Permit Fee" and estimated the number of members of the class as exceeding three thousand companies. The named plaintiffs moved for class certification under Rule 1–023 NMRA, alleging that the class was too numerous for joinder, questions of law or fact were common to the class, the claims or defenses of the named Plaintiffs were typical of the class, and that the named Plaintiffs would adequately represent the class.

{4} Recognizing that the unnamed members of the proposed class had not yet exhausted their administrative remedies by filing refund claims with the Department, Plaintiffs argued that "virtual exhaustion" by the named members obviates the need for each class member to exhaust. The Department opposed the motion for class certification, arguing that only the legislatively crafted, comprehensive statutory tax scheme could address taxpayer refunds. The district court denied class certification on the basis that Plaintiffs were unable to meet the numerosity requirement, "because under Section 7–1–22 NMSA 1978, this court lacks jurisdiction over those members of the proposed class who have not exhausted their administrative remedies by each filing a claim for refund" with the Department. The district court recognized that the question of "vicarious exhaustion" and "virtual representation" in class actions presented "an unsettled and fundamental issue of New Mexico law," and stayed all proceedings pending appeal under Rule 1–023(F). Respondents appealed the order denying class certification to the Court of Appeals.

{5} The Court of Appeals framed the issue on appeal as requiring a determination of "whether the legislature intended the administrative exhaustion requirement to preclude our courts from exercising jurisdiction over the purely legal claims of the absent members of a class who have not exhausted their remedies when exhaustion would be futile." *U.S. Xpress, Inc. v. N.M. Taxation & Revenue Dept.*, 2005–NMCA–091, ¶ 9, 138 N.M. 55, 116 P.3d 846. The Court of Appeals held that because the named plaintiffs in this case had exhausted their own administrative remedies, that exhaustion gave the district court jurisdiction over claims for refunds of the contested taxes for all putative class members, including those who had not themselves exhausted administrative remedies. *Id.* ¶ 23. The Court of Appeals based its decision on the Department's uniform denial of part of each of the requested refunds, determining that further exhaustion of identical claims would be futile. *Id.* ¶ 15. Thus, the Court of Appeals decision allowed a form of representative exhaustion, characterized by the parties as "vicarious" or "virtual exhaustion," when individual exhaustion of administrative remedies for each member of the class would be futile. *Id.* ¶ 22.

{6} The question we consider is whether the Tax Administration Act requires individual exhaustion of remedies before proceeding to challenge the constitutionality of a tax in court, and if so, whether we will recognize a doctrine of "vicarious" exhaustion. "The meaning of language used in a statute is a question of law that we review de novo." *Cooper v. Chevron U.S.A., Inc.*, 2002–NMSC–020, ¶ 16, 132 N.M. 382, 49 P.3d 61 (citation omitted). When this Court interprets the statutes of New Mexico, our "principal objective ... is to determine and give effect to the intent of the legislature." *Regents of the Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998–NMSC–020, ¶ 28, 125 N.M. 401, 962 P.2d 1236 (internal quotations and citations omitted). The primary indicator of the legislature's intent is the plain language of the statute. *General Motors Acceptance Corp. v. Anaya*, 103 N.M. 72, 76, 703 P.2d 169, 173 (1985).

{7} Applying these principles of statutory construction to the Tax Administration Act, we begin by noting that it provides taxpayers with a choice of two exclusive remedies when the taxpayer disputes liability for a tax. NMSA 1978, § 7–1–23 (2006). Under the administrative hearing remedy, a taxpayer may protest the assessment of the tax without making payment. NMSA 1978, § 7–1–24 (2006). Alternatively, the taxpayer may pay the disputed tax and then request a refund. NMSA 1978, § 7–1–26 (2006). With either choice, Section 7–1–22 requires exhaustion of administrative remedies, stating:

No court of this state has jurisdiction to entertain any proceeding by a taxpayer in which the taxpayer calls into question the taxpayer's liability for any tax or the application to the taxpayer of any provision of the Tax Administration Act, except as a consequence of the appeal by the taxpayer to the court of appeals from the action and order of the secretary, all as specified in Section 7–1–24 NMSA 1978, or except as consequence of a claim for refund as specified in Section 7–1–26 NMSA 1978.

{8} Section 7–1–22 has been interpreted as requiring taxpayers to follow the procedures in the Tax Administration Act. *Neff v. State Taxation and Revenue Dep't,* 116 N.M. 240, 244, 861 P.2d 281, 285 (Ct.App. 1993). "Additionally, by using broad language, the Legislature intended, with respect to the Tax Administration Act, to require that challenges to the validity of the Act be first presented either through the protest remedy, Section 7–1–24, or the *refund* remedy, Section 7–1–26." *Neff,* 116 N.M. at 244, 861 P.2d at 285. The Department argues that Section 7–1–22 requires mandatory exhaustion of administrative remedies by each taxpayer, while the Respondents argue that the Legislature has not clearly required individual taxpayer exhaustion.

{9} Respondents support their argument against requiring individual exhaustion by relying on an Arizona case, *Ariz. Dep't. of Revenue v. Dougherty,* 200 Ariz. 515, 29 P.3d 862 (2001). Respondents' reliance on *Dougherty* was represented as follows: "After carefully analyzing the state's similar refund statutes and applicable authority, the [Arizona]

Court found 'no reason why the statutory requirements cannot be satisfied through a single representative claim....'" However, a careful reading of *Dougherty* reveals that the Arizona and New Mexico statutes are materially different and that, had the Arizona statute been similar to New Mexico's, the *Dougherty* court would have decided the case differently. The *Dougherty* court stated: "To begin, we note that nothing in the plain language of [the Arizona exhaustion of remedies statute] requires each *taxpayer* to file a claim for refund. It clearly states that each *claim* must be filed in writing...." *Dougherty,* 29 P.3d at 866 (emphasis in the original). The Arizona claim statute for tax refunds states: "Each claim for refund shall be filed with the department in writing and shall identify the claimant by name, address and tax identification number. Each claim shall provide the amount of the refund requested, the specific tax period involved and the specific grounds on which the claim is founded." A.R.S. § 42–1118(E)(1999). Thus, Arizona's determination that individual exhaustion of remedies was not required was based on the Arizona exhaustion statute, which the court interpreted as not requiring "taxpayers" to exhaust, but instead simply required that each *claim* be exhausted. The plain language of New Mexico's exhaustion of remedies statute requires each *taxpayer* to exhaust administrative remedies by complying with Section 7–1–26. This section applies to "[a]ny person who believes that an amount of tax has been paid by or withheld from that person in excess of that for which the person was liable." NMSA 1978, § 7–1–26 (2006). *Dougherty,* by contrast, supports our conclusion that the references to "a taxpayer" and "the taxpayer" in Section 7–1–22 clearly require individual taxpayer exhaustion of remedies, and an individual refund claim for each taxpayer. Thus, not only is the exhaustion requirement of Section 7–1–22 a precondition to subject matter jurisdiction, as was held in *Neff,* 116 N.M. at 244, 861 P.2d at 285, but it also requires exhaustion by each individual taxpayer.

{10} Respondents urge us to recognize that "vicarious exhaustion" of administrative remedies by the named plaintiffs representing the entire class serves the same purposes

the legislature intended in Section 7–1–22. Respondents' argument is based on their contention that exhaustion should be considered futile here because the Department lacks authority to determine the constitutionality of the taxes at issue. The Court of Appeals agreed with this argument, finding that even with the clear statutory requirement of taxpayer exhaustion, in the context of this case involving the constitutionality of taxes the purpose and intent of the exhaustion requirement would not be served by individual taxpayer exhaustion. *U.S. Xpress,* 2005–NMCA–091, ¶ 11, 138 N.M. 55, 116 P.3d 846.

{11} The Court of Appeals has already addressed the issue of exhaustion and constitutional challenges to a tax, and held that it was mandatory to follow the administrative procedures of Section 7–1–22 before questioning the constitutionality of a tax in court. *Neff,* 116 N.M. at 243, 861 P.2d at 284. In *Neff,* the Court of Appeals followed the reasoning of the U.S. Supreme Court in *Fair Assessment in Real Estate Ass'n. Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), which examined the requirements for a taxpayer's challenge to the administration of a state tax on constitutional grounds. "Such taxpayers must seek protection of their [constitutional] rights by state remedies, provided of course that those remedies are plain, adequate, and complete. . . ." *McNary,* 454 U.S. at 116, 102 S.Ct. 177. Respondents argue that the Tax Administration Act should not require individual taxpayer pursuit of remedies when the dispute is over the constitutionality of the tax, and when the purposes of exhaustion, such as notice to the Department or development of a factual record, would not be served. Although the Court of Appeals in this case found that satisfaction of the "purpose and intent" of the exhaustion requirement was enough, we disagree. We note that Section 7–1–22 does not differentiate between instances when the purposes of exhaustion would be served and when it would not, but instead plainly insists that no court will have jurisdiction except as a consequence of an administrative appeal or a claim for a refund. "[I]f the meaning of a statute is truly clear, it is the responsibility of the judiciary to apply it as written and not second guess the legislature's policy choices." *Derringer v. Turney,* 2001–NMCA–075, ¶ 8, 131 N.M. 40, 33 P.3d 40 (internal quotations and citations omitted). We are bound by the plain meaning rule, which requires a court to give effect to the statute's language and refrain from further interpretation when the language is clear and unambiguous. *Sims v. Sims,* 1996–NMSC–078, ¶ 17, 122 N.M. 618, 930 P.2d 153 (citation omitted). Unless a statute violates the Constitution, "[w]e will not question the wisdom, policy, or justness of legislation enacted by our Legislature." *Madrid v. St. Joseph Hosp.,* 1996–NMSC–064, ¶ 10, 122 N.M. 524, 928 P.2d 250. Therefore we reject the concept of vicarious exhaustion under Section 7–1–22 because the plain meaning of the Tax Administration Act requires individual taxpayer exhaustion of administrative remedies before the constitutionality of a tax may be challenged in court.

{12} Furthermore, in the context of a claim for a tax refund and the exhaustion requirements of Section 7–1–22, we find that the "futility" doctrine advanced by the Court of Appeals has no force. Although it is true that in contexts other than the Tax Administration Act we have stated that exhaustion of statutory remedies was not required when futile, *see, e.g., State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.,* 85 N.M. 521, 529, 514 P.2d 40, 48 (1973) (exhaustion of remedies not required when administrative tribunal clearly lacks jurisdiction or when exhaustion would be vain and futile), we are unable to find any circumstances where we have found futility of exhaustion to be an appropriate excuse for bypassing a clear statutory directive, such as found in this case. *See Neff,* 116 N.M. at 244, 861 P.2d 281 (taxpayer must comply with exhaustion of remedies doctrine); *Chavez v. City of Albuquerque,* 1998–NMCA–004, ¶ 14, 124 N.M. 479, 952 P.2d 474 (exclusive administrative remedy is one which provides for "plain, adequate, and complete means of resolution through the administrative process to the courts"); *Shepard v. Bd. of Educ. of Jemez Springs Mun. Schools,* 81 N.M. 585, 586, 470 P.2d 306, 307 (1970) (mandamus proper remedy only after petitioner exhausted adminis-

trative remedies); *McDowell v. Napolitano,* 119 N.M. 696, 700, 895 P.2d 218, 222 (1995) (exhaustion of administrative remedies is absolute when a claim is first cognizable by administrative agency, and judicial interference is withheld until administrative policy has run its course); *Derringer,* 2001–NMCA–075, ¶ 14, 131 N.M. 40, 33 P.3d 40 (statute requiring post-decision hearing before state engineer comports with principle that a party is required to pursue available administrative remedies before resorting to courts for relief); *Smith v. Southern Union Gas Co.,* 58 N.M. 197, 199, 269 P.2d 745, 747 (1954) (legislature has not taken away jurisdiction from courts, but has postponed jurisdiction until Department has acted on the complaint). We note with approval the Supreme Court of Vermont's treatment of the futility and exhaustion doctrines:

> The term "exhaustion" is used to describe both the judge-made common-law doctrine and a statutory direction that judicial review is available only if specified administrative procedures are first employed. Where the Legislature specifically mandates, exhaustion is required. Where the Legislature has not clearly required exhaustion, sound judicial discretion governs. The futility doctrine has been adopted as part of that discretion to dispense with unnecessary exhaustion of administrative remedies. It has no place, however, in the face of a clear legislative command that exhaustion is required. *See Neff v. State,* 116 N.M. 240, 861 P.2d 281, 285 (Ct.App. 1993)

*Stone v. Errecart,* 165 Vt. 1, 675 A.2d 1322, 1325 (1996) (internal citations and quotations omitted). Therefore, we hold that the futility doctrine has no force in the context of the Tax Administration Act, in the face of the clear legislative command found in Section 7–1–22.

{13} Respondent also argues that because class actions are not specifically barred in the exhaustion statute, Section 7–1–22 should be construed so as to serve the purposes of the class action rule, Rule 1–023. We disagree with Respondents. Class actions are a procedural device, and the class action procedural rule does not effect any change on the subject matter jurisdiction limitations imposed by the Legislature through the Tax Administration Act. While Section 7–1–22 does not explicitly bar class actions for refund claims after exhaustion, neither does it give any indication that the statutory exhaustion requirement should bow to the Rules of Civil Procedure. *Cf. Romero v. Philip Morris Inc.,* 2005–NMCA–035, ¶ 37, 137 N.M. 229, 109 P.3d 768 (stating "although [the statute] confers standing to New Mexico indirect purchasers to bring a civil action for damages, we see no indication that the Legislature intended [the statute] to single out indirect purchasers for any different or more favorable class action treatment than was intended for other persons seeking relief from a violation of the Act."). Therefore, we reject Respondents' argument that the exhaustion statute and Rule 1–023 are in conflict and that, by enacting the exhaustion statute, the Legislature has encroached on the province of the judiciary. In any matter brought before the court, including a class action, the court must have subject matter jurisdiction before determining if a particular procedure is appropriate. *Gonzales v. Surgidev Corp.,* 120 N.M. 133, 138, 899 P.2d 576, 581 (1995) (citation omitted) (only relevant inquiry in determining subject matter jurisdiction is whether claim falls in scope of authority conferred upon court by constitution or statute). As the district court properly concluded, it does not have subject matter jurisdiction over those class members who have not exhausted their administrative remedies. *El Dorado Utils. Inc. v. Galisteo Domestic Water Users Ass'n.,* 120 N.M. 165, 167, 899 P.2d 608, 610 (Ct.App.1995) (stating "[j]urisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with."). Each member of the class must individually exhaust, and only after individual exhaustion by each class member could the district court have jurisdiction over the class. NMSA 1978, § 7–1–22. The Legislature's limitation on jurisdiction under Section 7–1–22 is a prerequisite, rather than a conflict, to Rule 1–023.

{14} While we appreciate the efforts of the Court of Appeals to avoid unnecessary burdens to the Department, the absent members

of the class, and our courts, we cannot adopt the doctrine of "vicarious representation" in the context of a class action for tax refunds. It is certainly true that each identical claim may initially be denied by the Department, but exhaustion of the statutory remedies is not futile when the procedures of the Tax Administration Act provide a plain, adequate and complete means of determining the constitutionality of the tax with ultimate resolution in the courts. We also note that once the exhaustion requirement is satisfied and a proper appeal taken to the court, a determination by the court as to the constitutionality of the tax which is adverse to the Department will likely have a preclusive effect on the Department. *See Silva v. State,* 106 N.M. 472, 474, 745 P.2d 380, 382 (1987) (describing doctrine of offensive collateral estoppel, used when plaintiff seeks to foreclose defendant from litigating issue defendant has previously litigated unsuccessfully).

{15} It cannot be disputed that a class action might be a more convenient process for recovering tax refunds based on the identical claims in this case. Convenience, however, does not change the clearly expressed intent of the legislature to require that tax refund claims proceed according to the requirements of the Tax Administration Act. "The courts have no authority to alter the statutory scheme, cumbersome as it may be." *In re Application of Angel Fire Corp.,* 96 N.M. 651, 652, 634 P.2d 202, 203 (1981). Therefore, we reverse the Court of Appeals and affirm the holding of the district court.

{16} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Justice, PAMELA B. MINZNER, PATRICIO M. SERNA, and PETRA JIMENEZ MAES, Justices.