**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO. 29,233

**LOUIS VASQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals the district court's judgment and sentence, convicting him for broken tail lamps and fourth offense DWI, pursuant to a conditional plea of no contest, in which Defendant reserved the right to appeal the exclusion of expert testimony. We issued a notice of proposed summary disposition, proposing to affirm

the district court's evidentiary ruling.  Defendant has responded to our notice with a memorandum in opposition.  We have considered Defendant's arguments and remain unpersuaded that Defendant has demonstrated error.  We affirm.

Defendant argues that the district court erred by excluding material testimony of the defense's expert witness, Dr. Reyes.  [DS 4; MIO 4-6]  Defendant argues that Dr. Reyes testified that the breath machine, the IR8000, uses a breath alcohol ratio, also known as the partition coefficient, of 2100:1 and that an individual's absorption phase may have a different partition coefficient as low as 990:1.  [MIO 3]  Dr. Reyes began to testify that an individual's difference in partition coefficient may produce an inflated breath score and that, in his opinion, Defendant's breath score may have been below .08.  [Id.]  The district court excluded this portion of Dr. Reyes's testimony on the basis that evidence about variations in individual breath scores was irrelevant when applying the relevant DUI statute, which is merely concerned with a reading of the breathalyzer machine.  [MIO 3-4]

"The admission or exclusion of evidence is within the discretion of the trial court[,]" which we review for an abuse of that discretion.  *State v. Hughey*, 2007-NMSC-036, ¶ 9, 142 N.M. 83, 163 P.3d 470.  "However, we review de novo 'the threshold question of whether the trial court applied the correct evidentiary rule or standard.'"  *Id.*

As we stated in our notice, the Legislature and the Scientific Laboratory Division (SLD) have determined that the breath machine must be calibrated to measure the grams of alcohol per 210 liters of breath.  *See* NMSA 1978, § 66-8-111(D) (2005) ("The determination of alcohol concentration shall be based on . . . the grams of alcohol in two hundred ten liters of breath."); *see also* 7.33.2.10(B)(2)(b)(i) NMAC.  While we assume that g/210 liters essentially codifies a 2100:1 ratio, Defendant does not argue that the breath machine was calibrated to measure alcohol in a manner contrary to law.  Rather, Defendant argues that the manner of testing breath alcohol content required by law may result in an inaccurate reading for Defendant.  We are limited to the requirements for testing breath alcohol content that are established by statute and regulations.  *See U.S. Xpress, Inc. v. N.M. Taxation & Revenue Dep't.*, 2006-NMSC-017, ¶ 11, 139 N.M. 589, 136 P.3d 999 ("Unless a statute violates the Constitution, '[w]e will not question the wisdom, policy, or justness of  legislation enacted by our Legislature.'" (alteration in original)); *State v. Elliott*, 2001-NMCA-108, ¶ 14, 131 N.M. 390, 37 P.3d 107 ("We do not read words into the statutes, particularly when the [L]egislature has seen fit not to include them.").

In response to our notice Defendant merely asserts that the testimony would discredit the test score.  [MIO 4-6]  He does not demonstrate why the testimony that

3

his individual partition coefficient may produce an inflated breath score is relevant under the applicable standards promulgated by the Legislature and SLD. Defendant also emphasizes the material prejudice his defense suffered by the exclusion of the testimony indicating that his breath score may have been inflated. [Id.] Absent more evidence, this possibility does not rise above speculation. Defendant has not met his burden of showing error by arguing, in effect, that his defense was impaired by the exclusion of evidence that is not relevant under the governing standards.

For these reasons and those stated in our notice, we hold Defendant has not shown that the district court abused its discretion by excluding the expert testimony on relevancy grounds. *See Hughey*, 2007-NMSC-036, ¶ 9. We affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**CYNTHIA A. FRY, Chief Judge**



_____
**TIMOTHY L. GARCIA, Judge**

4